# Cora I. Gibbons's Appeal.

1. A Master in partition in equity cannot be summarily dismissed by the court, and a new Master be appointed, on an ex parte hearing of a petition by one party in interest.

2. In such case, section 73 of the Equity Rules promulgated by the Supreme Court, prescribing the mode in which motions for orders must be made, applies. A motion for the vacation of the appointment of a Master is not grantable of course.

3. The manifest spirit pervading said rules requires a liberal construction in favor of the right of parties to notice of every application affecting their interests.

4. In a suit in equity for partition, the Master returned that a certain parcel of real estate could not be divided without prejudice to or spoiling the whole, and that all the parties had refused to take the same at the valuation, whereupon the court granted an order directing the Master to sell the same. More than five years elapsed without a sale, whereupon a purchaser of the interest of one of the parties (not himself a party to the suit), presented a petition praying for the dismissal of said Master and the appointment of a new Master to make such sale. The court, upon an ex parte hearing, granted the prayer of the petition, and the new Master made return that he had, after due notice, &c., sold the land in question to the petitioner. Exceptions filed to this return, by a party to the suit, alleging want of notice of said proceedings and sale, and inadequacy of price, were dismissed by the court, and the sale was confirmed:

*Held,* to be error.

November 8th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

APPEAL from the Court of Common Pleas No. 1 of *Alle-*

*gheny county:* In equity. Of October and November Term 1883, No. 210.

This was a suit in equity for partition, wherein Clarence M. Johns and Leonard M. Johns were complainants, and Mira H. Johns, widow, and the said Mira H. Johns, guardian of Cora, Blanche, Imogene, Estella and Herbert A. Johns, heirs of Leonard S. Johns, deceased, defendants. Among the lands of which the bill prayed partition was a certain tract of coal, and the surface appurtenant thereto, situate in Forward township, Allegheny county.

The record showed that the cause was so proceeded in that on August 31st 1872, a decree was entered that partition be made, and the cause was referred to Thomas S. Bigelow, Esq., as Master in partition, by whom all the lands of the decedent were parted and allotted to the heirs, except the said tract of coal, as to which the Master reported that it could not be divided without prejudice to or spoiling the whole; that he had appraised the same at the sum of $25,900; and that all the heirs had declined to take the same at the valuation.

Thereupon the court on December 16th 1872, entered a decree confirming the partition as to the premises other than the coal tract, and, on the same day, filed an order, which, after reciting the Master's return as to the coal tract, directed " that the Master expose the said coal and surface land for sale at public auction, at such time and place as he may deem advisable, after giving the notice required by law, and that said Master shall have power to' adjourn the sale from time to time."

Nothing was done under this order, so far as appeared by the record, for over five years.

On June 22d 1878, one Robert Arthurs, who was not a party to the cause, filed the following affidavit and petition:
" ALLEGHENY COUNTY, ss:

" Personally appeared Robert Arthurs, who, being duly sworn according to law, says that in the above case, a certain quantity of coal and surface land, situated in Allegheny county, at Forward township, owned by several tenants in common, among them Clarence M. Johns, and which could not be divided without prejudice to the whole, was, on December 16th 1872, ordered to be sold by the Master in partition, Thomas S. Bigelow, Esq., as will by the records of the case, more fully show. That no sale has ever taken place, and that your deponent has recently purchased the interest of Clarence M. Johns at U. S. Marshal's sale, by virtue of a judgment held by your deponent in the U. S. Circuit Court, in and for the Western District of Pennsylvania, and said interest has been conveyed to him by the U. S. Marshal. That your deponent has made various

efforts to see said Bigelow, in order to have said sale made under said order of court, without effect, and has been informed by a clerk of said Bigelow, that said Bigelow did not care to be bothered further with said sale, owing to his other numerous duties.

"Therefore, your deponent prays your Honor to appoint some person as Master to make sale of said property under said order of court, and to make report to this court, and further, that your Honor will vacate the appointment of Thomas S. Bigelow, already made.

"ROBERT ARTHURS."

Sworn and subscribed, &c., June 22d 1878.

On the same day the court made the following order:

"And now, to wit: June 22d 1878, Thomas S. Bigelow is hereby relieved from his appointment, and George I. Whitney appointed in his stead, with direction to make sale of said property under said order of court, within referred to."

On October 26th 1878, the said George I. Whitney made return to said order, that after due notice by advertisement in the Pittsburgh Evening Telegraph and by hand bills posted in conspicuous places in the neighborhood of the property in question, for more than twenty days, he caused the said coal tract to be exposed at public sale on the 14th day of October 1878, at the court house in the city of Pittsburgh, and then and there sold the same to Robert Arthurs for $2,000, he being the highest and best bidder, &c.

On November 2d 1878, the following exceptions to said return were filed by Cora I. Gibbons, née Johns, a party defendant in said cause, viz:

1st. No bona fide effort was made by the Master to effect a sale for the best interests of all of the heirs, but the sale was arranged as to time and terms to suit one of the parties in interest, viz. Robert Arthurs, the purchaser.

2d. No bidders were present at said sale, and no opposing bid was made on it. The Master should have adjourned the sale as he was authorized to do under the order.

3d. The price obtained for said property is grossly inadequate, being the sum of $2,000, whereas the same was appraised, as appears by the record, at $250 per acre, or over $24,000.

4th. If a bona fide effort is made by the Master to sell said property on favorable terms, a much larger price can be obtained therefor.

5th. A sale for cash under the circumstances was unnecessary, and resulted in injury to all the parties.

6th. The Master, Thomas S. Bigelow, was allowed to withdraw, and the new Master, George I. Whitney, was appointed Master at the special instance, suggestion and request of Robert

Arthurs, the purchaser, without the knowledge or consent of said exceptant, and the sale advertised and carried on to completion, and all without notice to this exceptant.

The court subsequently made the following order :

" And now, to wit, May 23d 1879, the report of the sale of George I. Whitney, Master in this case, confirmed absolutely, exceptions dismissed, and it is adjudged, ordered and decreed that the sale made by him as Master to Robert Arthurs, be and remain firm and stable forever, and the said George I. Whitney as Master, is directed to execute and deliver a deed to Robert Arthurs, conveying the interest of the several parties in the property sold.

" D. T. Watson, Esq., is hereby appointed Master to make distribution of the fund raised by this sale and directed to make report of his distribution to this court."

Mrs. Cora I. Gibbons thereupon took this appeal, and filed the following assignments of error:

1. The court erred in making, without notice to the appellant or any of the parties to the cause, the order of June 22d 1878, admitting Robert Arthurs as a party, dismissing Thomas S. Bigelow, Esq. as Master, and appointing George I. Whitney in his place, and ordering him to sell the property.

2. The court erred in confirming the sale made by George I. Whitney, the Master, without notice to the appellant and without her knowledge.

*Levi B. Duff* and *Wm. B. Negley*, for the appellant.

*William A. Stone*, for the appellee.

Mr. Justice Trunkey delivered the opinion of the court, January 7th 1884.

The report of the Master, Thomas S. Bigelow, was confirmed on the 14th of December 1872, and an order made for the sale of certain coal and surface land. All parties appear to have acquiesced in the non-execution of that order for a period of more than five years, during which time nothing had been done in the cause. On June 22d 1878 Robert Arthurs presented a petition setting forth that he had recently purchased the interest of Clarence M. Johns ; that he had not seen the Master but had seen his clerk who said the Master did not care to be bothered further with said order for sale, and praying the court to vacate the appointment of Bigelow and appoint some person as Master to make sale of the property. Thereupon, the same day, the prayer was granted. Upon such showing by a stranger to the record, after so long lapse of time since anything had been done, without the knowledge of the Master or of any

[Gibbons's Appeal.]

person interested save the petitioner, the immediate granting of the prayer was extraordinary. If such order can be demanded and obtained forthwith, under such circumstances, a door is open for taking advantage of parties who have been lulled to unwariness.

Arthur, as purchaser of the interest of one of the plaintiffs, had the right to come into his place upon the record, and although he was not formally made a party, the chief question raised by the assignments of error will be considered, namely, whether the court erred, without notice to the appellant, in the dismissal of Bigelow as Master and the appointment of Whitney in his place. If a Master who has conducted all the proceedings in an action for partition previous to the order of sale, upon the motion of a plaintiff, in absence of all other parties, may be instantly dismissed and another person appointed to execute that order, it would not be surprising if the plaintiff should succeed in purchasing the property at one-twelfth its appraised value. But in this case, action will not be based on the alleged inadequacy of price for which the property was sold ; nor upon the appointment of another person as Master, soon as the sale was confirmed.

Section 73 of the rules in equity provides that, " All motions for rules or orders, and other proceedings, which are not grantable of course, or without notice, shall be made on application to the court, or a law judge at chambers, and entered in the equity docket, and shall be heard at such time thereafter as shall be assigned therefor by the court or judge at the time of the making of the application ; and if the adverse party or his solicitor, after notice thereof, shall not then appear, or shall not show good cause against the same, the motion may be heard by any law judge of the court, ex parte, and granted as if not objected to, or refused, in his discretion."

The power of the court to appoint or remove a Master is unquestioned, but the proceeding must be in accord with the rules in equity prescribed by the Supreme Court. These rules cannot be suspended by the Court of Common Pleas, nor can that court adopt others inconsistent therewith. It has not been contended, nor could it well be, that the motion or petition was of course. To lay down a clear rule defining such motions as may be made ex parte, and distinguish them from such as require notice, has been said to be impossible. Special applications concerning the proceedings in the cause, not regulated either by the general order or by any clearly defined rule of practice, must always be made upon notice: Dan. Ch. Pr. *1790. After a cause has been referred to a Master, it cannot be withdrawn from that Master without an order of the court, and such an order will not be made unless on very special occasions, such as the in-

[Gibbons's Appeal.]

capacity of the Master from illness to attend to the business, which, to justify such removal, must be shown to be of a very urgent nature: Id. *1347. Frequently, in this state, the court appoints a Master pro hac vice in the particular case, and, perhaps, less urgent reasons would induce his removal and the appointment of another. But where the cause is not referred to a standing Master the reason would seem to be stronger for giving all the parties an opportunity to be heard. Upon full hearing, the court may not find grounds for dismissing the Master, and in case of dismissal, may be better advised respecting the making of a new appointment. And where such opportunity was not given, the newly appointed Master may do important acts, such as selling property, without the knowledge of any of the interested parties, save those who were instrumental in procuring the change.

We are of opinion that the order of June 22d 1878, was made in violation of No. 73 of the Rules in Equity. The application should have been entered in the equity docket, a time fixed for hearing, and due notice given to other parties. The manifest spirit pervading the rules, requires a liberal construction in favor of the right of parties to notice of every application affecting their interests. They are interested in an application for the vacation of the appointment of a Master pro hac vice, and the appointing of another, and before action thereon, should be allowed a hearing.

This cause having been argued by counsel, upon consideration, it is now considered and decreed:

1. That the order made June 22d 1878, relieving Thomas S. Bigelow from his appointment as Master and appointing George I. Whitney in his stead, be reversed.

2. That the decree of May 23d 1879, confirming the sale made by said Whitney, be reversed, and that said sale be set aside.

3. That the appellee, Robert Arthurs, pay the costs accrued since the presentment of his application, and the costs of this appeal.

4. That the record be remitted for further proceeding.