# Charles Cassidy *v.* Charles S. Knapp, Administrator d. b. n., c. t. a., of Christian Donat, Deceased.

*Equity.*

Equity proceedings, begun since the first Monday in March, 1894, which are not in accordance with the rules adopted by the Supreme Court on Jan. 15, 1894, are irregular and void.

A bill was filed indorsed with a notice to appear in accordance with the old practice and not in accordance with the new rules; upon this bill a preliminary injunction was granted.

*Held,* that the bill not being in compliance with the new rules all pro-
ceedings consequent thereupon were void.

Argued Feb. 1, 1895.   Appeal No. 104, Jan T., 1895, by
defendant, from decrees of C. P. No. 3, Phila. Co., June T.,
1894, No. 1696, granting a preliminary injunction, and subse-
quently refusing to dissolve it.   Before GREEN, WILLIAMS,
McCOLLUM, MITCHELL and FELL, JJ.   Reversed.

Bill in equity to restrain proceedings before a magistrate.

The bill was indorsed with the notice to appear within four-
teen days formerly in use under the old rules, and not with the
notice to appear and answer within fifteen days, as required by
the amended equity rules.   The court granted a preliminary
injunction.   Defendant subsequently made the following mo-
tion :

" And now, October 5, 1894, the defendant moves the court
to dissolve the preliminary injunction issued in this case- and to
dismiss plaintiff's bill of complaint with costs to be paid by said
plaintiff, and assigns the following reasons : 1. That the notice
to the defendant to cause an appearance to be entered for him
in said court on said bill indorsed is not in accordance with the
amended rules adopted by the Supreme Court of Pennsylvania
January 15, 1894, to regulate the several courts of common
pleas of this commonwealth in proceedings in equity, and in
force since March 1, 1894, inasmuch that it requires defendant
to appear within fourteen days after service, instead of fifteen
days, as required by the said equity rules, and does not require
him to make answer to said bill as by said rules required, and
is otherwise not in the form by said rules prescribed.

" 2. That said injunction was granted, without notice to
defendant, without being supported by proper injunction affi-
davits.   The only affidavit filed being the affidavit of the plain-
tiff himself which contained no material averments not included
in the bill, and no additional facts in support of the allegations
of the bill, and which is in effect the same as if plaintiff had
merely sworn to the truth of the bill.

" 3. That said bill sets forth no cause entitling plaintiff to
relief by injunction."

" At the hearing in open court on October 12, 1894, in the

above motion, the appellant read his answer.   The appellee by his counsel read an ex parte affidavit made by himself."

The court entered a decree continuing the preliminary injunction.

*Errors assigned*, among others, were (1) in not requiring the bill to be indorsed with the notice prescribed by the amended equity rules; (5) in overruling and dismissing defendant's motion to dissolve the preliminary injunction; (6) in refusing to dissolve the preliminary injunction; (7) in refusing to dismiss the bill; (8) in making a decree, continuing the preliminary injunction.

*Isaac Chism*, for appellant.—The equity rules adopted by the Supreme Court are binding upon all subordinate courts: Philadelphia v. McManes, 42 L. I. 160; Gibbon's App., 104 Pa. 587.

*Alfred N. Keim, Carroll R. Williams* with him, for appellee. —There is no law or rule of court requiring notice to be given defendant of an intended application for an injunction : Bispham's Prin. of Eq. sec. 404.

As appellant does not except to any refusal on the part of the court to permit the cross-examination of appellee's witnesses or to the refusal to allow the appellant to introduce testimony at the hearing, the assignments of error will not be sustained: Del. Co. & Phila. Electric Ry. v. Phila., 164 Pa. 457.

OPINION BY MR. JUSTICE FELL, April 8, 1895 :

The assignments of error relating to the failure of the plaintiff to comply with the Amended Equity Rules adopted January 15, 1894, must be sustained.   These rules were formulated and adopted to regulate the practice of equity in the several courts of common pleas in the commonwealth, and went into effect on the first Monday of March, 1894.   They were established under the direction and by the authority of an act of the legislature, and have all the force and effect of a positive enactment.   All proceedings in equity which are not in conformity with them are irregular and void.

The preliminary injunction in this case was based upon a bill

which was not in compliance with the rules, and this failure is fatal to the whole proceeding. This being the case it is unnecessary to consider the remaining assignments.

The order of the court of common pleas of September 14, 1894, granting a preliminary injunction, is reversed and set aside at the cost of the appellee.