Levi C. Brinton, Appellant, *v.* J. S. Hogue, A. M. Stewart and The Brinton Park Street Railway Company.

*Equity—Practice—Notice—Equity rules—Appearance of defendants.*

It is no ground for dismissing a bill in equity because plaintiff's solicitor used the old form of notice to appear, answer, etc., instead of the new form prescribed by the amended equity rules, where the record shows that all the defendants had voluntarily appeared, and without objection actively participated in all the proceedings.

The sole purpose of the notice, required by the rule of court, is to compel appearance of the defendant, etc.   When he appears voluntarily and answers without objection to the form, or even the absence of notice, all that was intended to be accomplished by formal notice in accordance with the rule has been secured as effectually as if he had appeared, filed a waiver of notice and submitted his answer: Cassidy v. Knapp, 167 Pa. 305, distinguished.

Argued Oct. 16, 1895.   Appeal, No. 230, Oct. T., 1895, by plaintiff, from decree of C. P. Lawrence Co. March T., 1895, Number 1, dismissing bill in equity.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Bill in equity for a receiver.   Before WALLACE, J.

The bill was filed on March 1, 1895, copies of which were duly served on the defendants.   On the back of the bill was indorsed the notice requiring defendants to appear, as prescribed by the old equity rules.

On March 5, plaintiff moved the court for the appointment of a receiver for reasons set forth in the bill, and in support of the motion filed the affidavits of Robert Van Horn and W. W. Vogan, two of the directors of the Brinton Park Street Railway Company.   On the same day the court granted a rule to show cause.   To this rule J. S. Hogue and A. M. Stewart appeared and filed their affidavit.   On March 9, the defendants appeared by their counsel, and after very full argument the court took the papers, and on March 12th entered the decree appointing a receiver.

On March 22, J. M. Martin, without objection to the form or character of the notice indorsed on the writ, appeared for J. S.

Hogue and A. M. Stewart; also for the Brinton Park Street Railway Company.

On April 27, 1895, J. S. Hogue and A. M. Stewart filed a general answer to the several charges and statements in the bill, and on July 5, plaintiff filed his replication and issue.

On April 29, J. M. Martin, solicitor for the Brinton Park Street Railway Company filed a demurrer. The demurrer was put on the argument list at the argument court, May 25, 1895. On August 12, the court decreed that the bill and all the proceedings thereon be dismissed at the costs of the plaintiff, for the reason that the notice on the bill did not conform to the later rules in equity.

*Error assigned* was above order.

*R. B. McComb, Charles G. Martin* with him, for appellant.— The notice indorsed on the bill in equity takes the place of subpœna and a rule to answer, etc., as required under the old practice. Since the sole purpose of the notice is to compel the defendant to appear and answer or demur to the bill, it would seem, to one not learned in the law, that the appearance and answer of a defendant without objection ought to conclude the court.

*J. M. Martin, S. W. Dana* and *H. K. Gregory* with him, for appellees.—All proceedings in equity which are not in conformity with the rules are irregular and void: Cassidy v. Knapp, 167 Pa. 305.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 6, 1896:

Two or three weeks after the bill was filed, in March last, a general appearance was entered for all the defendants, and the matter was so proceeded in that, among other things, a receiver of the street railway company defendant was appointed and gave an approved bond; two of the defendants, Hogue and Stewart, respectively answered the bill, and the remaining defendant demurred thereto, etc.; and finally the case was set down for the hearing on bill, answer and demurrer, and having been argued by counsel in June was held under advisement by the court until August last. During all the proceedings—up

to and including the hearing aforesaid—it does not appear that any notice was taken of the fact that plaintiff's solicitor had mistakenly used the old form of notice to appear, answer, etc., instead of the new form prescribed by our amended equity rules. The discovery of the mistake was made by the learned judge of the common pleas when he came to dispose of the case; and notwithstanding the fact that all the defendants had voluntarily appeared and, without objection, actively participated in all the proceedings, he held that the omission to use the new form of notice was an incurably fatal error, which per se vitiated the whole proceeding; and he accordingly entered a decree dismissing the bill at plaintiff's costs, giving as his only reason therefor the omission above referred to. In view of the undisputed facts, this was plain error. The sole purpose of the notice, required by the rule of court, is to compel appearance of the defendant, etc. When he appears voluntarily, and answers without objection to the form or even the absence of notice, all that was intended to be accomplished by formal notice in accordance with the rule has been secured,—as effectually so, as if he had appeared, filed a waiver of notice and submitted his answer. In Cassidy v. Knapp, 167 Pa. 305, relied on by the court below, objection to the want of proper notice was made in limine and insisted on by the defendant. If instead of pursuing that course, he had done as did the defendants in this case, the result would necessarily have been different.

The decree dismissing the bill is reversed and set aside with costs to be paid by the appellees, and it is ordered that the bill be reinstated and the record be remitted to the court below, with instructions to proceed to final decree according to equity practice.