# Frank B. Thrall et al., Appellants, *v.* The City of Williamsport.

*Practice, equity—Preliminary injunction—Injunction affidavits.*

A mere general affidavit to the truth of the facts is entirely insufficient to support an application for a preliminary injunction made under a bill which was not supported by injunction affidavits or evidence.

Such practice does not conform to the amended equity rules adopted January 29, 1894.

Argued Feb. 16, 1897. Appeal, No. 21, Feb. T., 1897, by plaintiff, from order of C. P. Lycoming Co., June T., 1896, No. 2, dismissing bill for preliminary injunction. Before WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Bill for preliminary injunction. Before METZGER, P. J.

The abstract of the bill disclosed the following conditions :

1. Copy of ordinance approved March 27, 1895, providing for letting the contract for certain sewers, among which is the Louisa street sewer in question.

2. The awarding of said contract, April 29, 1895.

3. Confirmation of the report of the viewers appointed to assess costs and damages, March 2, 1896.

4. Joint resolutions of councils on July 8, 1887, granting permission to lay a drain in Louisa street, with which the one now in controversy is parallel, on condition that the city shall become the owner of the same when a drainage or sewerage system for the locality is adopted, and the bona fide subscribers to the cost of the same shall be exempt from further payment for sewerage privilege.

166    THRALL et al., Appellants, *v.* WILLIAMSPORT.

Statement of Facts—Opinion of the Court.  [4 Pa. Superior Ct.

5. The petition of the people of Louisa street to councils for said drain.

6. The list of the names and the amounts of the subscriptions to cost of the said drain.

7. The fulfilment of the terms of the agreement on the part of the people.

8. The failure of the city to keep faith with the people after the drain was constructed, and the assessment for the new sewer.

9. The prayer for injunction and other relief.

10. The affidavit to the bill.

The court dismissed the bill assigning as reason, inter alia, that no evidence had been taken in support of the bill and no injunction affidavits were produced. Nothing is before the court except the bill and the general affidavit thereto.

*Error assigned* was refusal to grant preliminary injunction as prayed for in the bill.

*W. M. Stephens*, for appellants.

*W. D. Crocker*, city solicitor, for appellee.

OPINION BY ORLADY, J., March 17, 1897:

This appeal cannot be sustained as the reasons given by the learned judge who entered the decree are conclusive against it. There was an application for a preliminary injunction made under a bill which was not supported by injunction affidavits or evidence.

The process of injunction should be applied with the utmost caution, and the discretion of the judge acting as a chancellor in granting or refusing a preliminary injunction, will not be controlled by an appellate court unless abused or some well recognized principle of law or equity is violated.

In this case as in Kincaid's Appeal, 66 Pa. 411, the motion was upon a bill filed and sworn to, but without injunction affidavit or affidavits, of which the Supreme Court says, " This is a practice which ought not to be countenanced." A mere general affidavit to the truth of the facts is entirely insufficient, and it is clearly error to grant a preliminary injunction without

affidavits supporting the facts stated in the bill: Gilroy's Appeal, 100 Pa. 5.

The amended equity rules, adopted January 15, 1894, provide, " Preliminary injunctions may be granted in accordance with the present practice, on bill and injunction affidavits, but upon the hearing, at the end of four days, or such other time as may be fixed, the evidence must be taken subject to cross-examination, and ex-parte affidavits will not be received:" 159 Pa. XXVII.

These rules were formulated and adopted to regulate the practice of equity in the several courts of common pleas in the Commonweath, and went into effect on the first Monday of March, 1894. They were established under the direction and by the authority of an act of the legislature, and have all the force and effect of a positive enactment. All the proceedings in equity which are not in conformity with them are irregular and void : Cassidy v. Knapp, 167 Pa. 305.

It is not necessary to consider the case further, and the several assignments of error are overruled.

The decree of the court below is affirmed.