## Shamokin and Coal Township Light and Power Company, Appellant, *v.* John.

*Equity—Equity practice—Equity rules.*

The trial of cases in equity is regulated by rules promulgated by the Supreme Court, which have the force of a statute. They cannot be suspended by the Superior Court, nor by the court of common pleas, nor can these courts adopt others inconsistent therewith.

*Equity—Equity practice—Exceptions—Premature appeal.*

Where the opinion of the trial judge in an equity suit, together with the decree framed by him and his answers to requests for findings of fact and law, have been filed, and a party to the suit has excepted to the rulings and the decree, the party excepting cannot take an appeal until his exceptions have been passed upon by the court. The decree in such a case is a decree nisi, and not a final decree from which an appeal will lie.

Argued Nov. 8, 1901. Appeal, No. 224, Oct. T., 1901, by plaintiff, from decree of C. P. Northumberland Co., No. 239, in equity, on bill in equity, in case of Shamokin & Coal Township Light & Power Company v. Agnes I. John, Agnes I. John, Widow and Executrix of U. F. John Deceased, Samuel John and Albert E. Hughes. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Bill in equity for an injunction to restrain the taking down of electric light poles.

The case was heard on bill, answer and proofs.

The court filed an opinion together with answers to requests for findings of fact and law, and also the following decree:

And now, to wit: September 21, 1901, after hearing on the merits and upon due consideration thereof, it is ordered, adjudged and decreed, in accordance with the above findings, that complainant remove the poles in question to the points as we have indicated them, or to some other reasonable and convenient points, away from the sidewalk fronting on the property of the defendants, within fifteen days from this date, after which time this injunction is dissolved without further notice. It is further ordered that each party pay their own witness bill, and that the complainant pay the record costs.

The plaintiffs excepted to the rulings of the court and the decree, but before the exceptions were passed upon by the court, took this appeal.

*Errors assigned* were various rulings of the court and the decree.

*J. W. Gillespie*, for appellant.

*S. P. Wolverton*, for appellee, cited on the question of quashing the appeal: Kelly v. Donnelly, 16 Pa. Superior Ct. 364.

OPINION BY RICE, P. J., December 16, 1901:

The trial of cases in equity is regulated by rules promulgated by the Supreme Court, which have the force of a statute. They cannot be suspended by the court of common pleas, nor can that court adopt others inconsistent therewith: Gibbons's Appeal, 104 Pa. 587. The procedure therein prescribed is simple, easily understood and well calculated to secure an expeditious determination of the case in the trial court and a review in the appellate court of the precise questions in controversy. Where this procedure has been departed from in material particulars and objection is made in this court, we have not power, nor have we the disposition to ignore it. The rules are as binding upon this court as they are upon the courts of common pleas. The rules provide that the judge's findings of law and fact and his answers to requests for findings shall

be filed with the prothonotary who shall thereupon enter a decree nisi and give notice to the parties or their counsel. Exceptions may then be filed by either party within ten days, which exceptions shall cover all objections to rulings on evidence, to findings of fact or law, or to the decree in the case. If no exceptions be filed, all objections shall be deemed to be waived and a final decree entered by the prothonotary as of course. If exceptions be filed, they are to be heard upon the argument list as upon a rule for new trial, and the judge of the court in banc has power to sustain or dismiss any of such exceptions and confirm, modify or change the decree accordingly. " Upon appeal to the Supreme or Superior Court such matters only as have been so excepted to and finally passed upon by the court shall be assignable for error: " Rules 62 to 67 inclusive. Whenever an appeal is taken from an order or decree in equity, the appellant is required to file in the court below, with his notice of appeal, a brief statement of the errors he alleges to have been made by the order or decree appealed from or the findings on which it rests, and no other errors may be assigned in the appellate court unless leave be granted on motion, and notice to the other party: Rule 92. This latter rule appears to have been complied with by the plaintiff, who is the appellant. It appears also that within ten days after the opinion of the trial judge, together with the decree framed by him and his answers to the requests for findings of fact and law, was filed, the counsel for the plaintiff excepted " to the ruling of the court on the eighth, tenth, eleventh, twelfth and thirteenth requests of fact, also, to the answer to the seventh and twelfth conclusions of law, and the decree," and requested that a bill of exceptions be sealed, which accordingly was done. We remark in passing that it is not necessary that a bill be sealed by the judge in order to bring such exceptions upon the record. The party aggrieved has a right to file them as a matter of course and after they have been duly passed upon they come upon appeal as a part of the record. Treating the foregoing omnibus exception as a compliance with Rule 64, the orderly course of procedure would have been to set the exceptions down for hearing as provided in Rule 66. This course was not pursued, but the plaintiff immediately took an appeal to this court. This was irregular; not only so, the

plaintiff was not in a position in this court to assign for error any of the matters excepted to, because the exceptions had not been "passed upon by the court." To "pass upon " the exceptions within the meaning of the rules implies a decision, after due consideration, of the questions properly raised by them: Kelly v. Donnelly, 16 Pa. Superior Ct. 363. We held in the case cited that the court itself was not authorized to dismiss the exceptions pro forma without such consideration. Much more clearly is it not within the power of the party excepting to bring the case here before the court has had an opportunity to pass upon the exceptions after due hearing as prescribed by the rules. We must construe the decree assigned for error as a decree nisi. At that time the trial judge had not authority to enter a final decree and it is not to be presumed that he intended to do so. On the contrary it is to be presumed that he intended it to be construed in the light of the rules of equity practice heretofore referred to. Being by force of the rules a decree nisi, that part of it requiring the plaintiff to remove its poles within a certain time did not become absolute and immediately enforceable against the plaintiff, because exceptions were filed. At the time the appeal was taken these exceptions had not been passed upon by the trial judge or the court in banc; therefore there was no final decree. It follows that the appeal was prematurely taken. The question of practice is important, and having been distinctly raised it is our plain duty to decide it.

The appeal is quashed at the cost of the appellant and the cause is remitted to the court below to be further proceeded with according to law and the rules of equity practice.