# Green v. Prince Metallic Paint Company, Appellant (No. 1).

*Equity—Equity rules—Equity practice.*

The trial of cases in equity is regulated by rules promulgated by the Supreme Court, which have the force of a statute. They cannot be suspended by the court of common pleas, nor can that court adopt others inconsistent therewith. They are the rules of all the courts to be enforced in all of them, and not relaxed or disregarded as matter of mere indulgence or convenience.

Where a court of equity enters a decree with knowledge that exceptions have been filed to the findings of fact and conclusions of law, and without hearing argument thereon, and in spite of the specific objection that a decree could not be made until after a hearing upon the exceptions, the appellate court will consider the decree as final, and will not quash the appeal from it.

Argued Jan. 12, 1904. Appeal, No. 52, Jan. T., 1904, by defendant, from decree of C. P. Carbon Co., Oct. T., 1902, No. 1, on bill in equity in case of Richard Green v. Prince Metallic Paint Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON JJ. Motion to quash overruled.

Motion to quash appeal.
The opinion of the Superior Court states the case.

*E. O. Nothstein,* with him *Wm. G. Freyman,* for the motion. —The decree entered July 13, 1903, was a decree nisi. It was not a final decree : Shamokin & Coal Township Light & Power Co. v. John, 18 Pa. Superior Ct. 498.

*Frederick Bertolette,* for appellant, contra.—The court must pass upon the exceptions. The rule cannot be waived : Kelley v. Donnelly, 16 Pa. Superior Ct. 363.

OPINION BY RICE, P. J., July 28, 1904 :
This cause being at issue upon bill, answer and replication, was duly tried in the mode prescribed by the equity rules. On July 2, 1903, the judge filed his findings of law and fact, together with an opinion, and directed that a decree be drawn in accordance therewith. The counsel for the plaintiff pre-

pared a decree, and on July 6 served a copy on the defendant's counsel and gave him notice that it would be submitted to the court on July 13. On July 11, the latter filed exceptions to the judge's findings of law and fact. On July 13, the court signed the decree that had been prepared, and it was thereupon filed and spread at length upon the docket. On the same day the defendant's counsel submitted to the judge certain exceptions to the decree, whereupon he made the following order: "And now, July 13, 1903, the foregoing exceptions having been presented to me on request of Frederick Bertelotte, attorney for defendant, the same are filed and bill sealed." One of these exceptions was that the final decree was entered and filed without hearing or argument upon the exceptions to the findings of fact and conclusions of law. Five days later the defendant took this appeal, and has assigned the same matter for error.

The equity rules provide that the judge's findings of law and fact and his answers to requests for findings shall be filed with the prothonotary, who shall thereupon enter a decree nisi and give notice to the parties or their counsel. Exceptions may then be filed by either party within ten days, which exceptions shall cover all objections to rulings on evidence, to findings of fact or law, or to the decree in the case. If no exceptions be filed, all objections shall be deemed to be waived and a final decree entered by the prothonotary as of course. "If exceptions shall be filed, they shall be heard upon the argument list as upon a rule for new trial, and the judge or the court in banc shall have power to sustain or dismiss any of such exceptions and confirm, modify or change the decree accordingly."

It is not claimed by the appellee's counsel that the court had authority to enter an absolute final decree without first according the appellant a hearing upon the exceptions to the judge's findings; what they claim is that this was in contemplation of law but a decree nisi, and, therefore, the appeal was taken prematurely and should be quashed. In support of this proposition they cite Shamokin & Coal Twp. Light & Power Co. v. John, 18 Pa. Superior Ct. 498, in which we held, that where the opinion of the trial judge in an equity suit, together with the decree framed by him and his answers to requests for findings of

fact and law had been filed, and a party to the suit had excepted to the rulings, the decree was to be regarded as a decree nisi, and that the exceptant could not appeal until his exceptions had been passed upon by the court. We see no reason to doubt the correctness of the decision under the facts of that case, but we also think we went quite as far as we ought to go in helping out the irregular proceedings by a presumption that a decree absolute on its face was intended to be provisional only. In this case we are asked to go a step further and to make the same presumption, notwithstanding the fact that before the decree was entered the court had notice that exceptions had been filed to the findings, and the further fact that on the day it was entered the exceptant made to the court the specific objection that an absolute final decree could not be made until after a hearing upon the pending exceptions. As the irregularity, thus specifically called to the attention of the court, was not corrected, we cannot say that the exceptant would have been safe in acting on the assumption that the injunction would not become operative until after that time. On the contrary, it would seem that the exceptant was warranted in assuming that that the decree was intended to be final and absolute, as it purported to be, and that the only way in which it could be prevented from becoming operative as such until after the hearing provided for by the equity rules had been accorded was by taking an appeal, and giving bail as provided in section 9 of the Act of May 19, 1897, P. L. 67.

The trial of cases in equity is regulated by rules promulgated by the Supreme Court which have the force of a statute. They cannot be suspended by the court of common pleas, nor can that court adopt others inconsistent therewith: Gibbons's Appeal, 104 Pa. 587. See also Cassidy v. Knapp, 167 Pa. 305; Swoope v. Wakefield, 10 Pa. Superior Ct. 342; Chester Traction Co. et al. v. Phila., Wilmington & Balto. R. R. Co., 180 Pa. 432; Palethrop v. Palethrop, 184 Pa. 585; Watkins v. Hughes, 206 Pa. 526. They are the rules of all the courts, to be enforced in all of them, and not relaxed or disregarded as matter of mere indulgence or convenience:" Hinnershitz v. United Traction Co., 206 Pa. 91. The procedure therein prescribed is simple, easily understood and well calculated to secure an expeditious determination of the case in the trial court and a proper

review in the appellate court of the precise questions in controversy. Where this procedure has been departed from in substantial particulars, without justifiable cause arising out of the special circumstances of the case, and objection is made in this court, we have not power, nor have we disposition to ignore it: Shamokin & Coal Twp. Light & Power Co. v. John, supra. True, as the present chief justice said in the Hinnershitz case, the rules "are like all other rules of practice, subject to the discretion of the chancellor as to their strict enforcement under circumstances productive of injustice or exceptional hardship," but no such special circumstances have been shown in this case. Judging from the subsequent proceedings, it is fairly inferable that the learned judge deemed the decree to be provisional only, but in passing upon the motion to quash it would seem that we ought to look only at the record as it stood at the time the appeal was taken. Since then another appeal has been taken by the defendant, and, as the case now stands, both may be disposed of in one decree, which will be made in connection with the opinion filed upon the second appeal.

The motion to quash is overruled.