## Walters v. Tamaqua Borough.

*Practice, equity—Notice endorsed on back—Rule 33.*

1. A bill in equity filed after the new equity rules went into effect on Jan. 1, 1925, is fatally defective, where the bill has the notice prescribed by the old equity rules on its cover, and as folded for the files of the prothonotary does not display the notice on the back of the cover, but so obscures it within the fold that it is entirely out of view.

2. The equity rules, established, as they were, under the direction and by the authority of the legislature, have all the force and effect of a positive enactment, and all proceedings in equity which do not conform to them are irregular and void.

Bill in equity. C. P. Schuylkill Co., May T., 1925, No. 3.

*R. A. Graeff,* for plaintiff; *J. O. Ulrich,* for defendant.

BERGER, J., April 20, 1925.—The plaintiff filed his bill March 17, 1925, against the members of the Town Council of the Borough of Tamaqua, the chief burgess, the borough treasurer and the secretary of the town council, to restrain them from proceeding with a bond issue of $100,000, in pursuance of a resolution passed by the town council on Feb. 9, 1925, approved by the chief burgess Feb. 13, 1925, purporting to authorize the said municipal indebtedness, not exceeding 2 per cent. upon the assessed value of the taxable property of the borough as determined by the last preceding assessment. The defendants have filed five preliminary objections to the plaintiff's bill, pursuant to Equity Rule 48 of Rules of Equity Practice, adopted May 30, 1924, to take effect Jan. 1, 1925, of which we shall consider only one, which is as follows:

"5. The defendants should not be required to answer the facts averred, since they have a full and complete defence to plaintiff's claim, which does not require the production of evidence to sustain it, as follows:

"A. The notice contained upon the bill is not such notice as is required by Equity Rule 33."

The bill is typewritten and has the notice prescribed by the old equity rules on its cover, and the bill, as folded for the files of the prothonotary, does not display the notice on the back of the cover, but so obscures it within the fold that it is entirely out of view. · A party served with a copy of the bill in this form might easily overlook the notice, and thus the purpose of requiring the notice to be "endorsed on" the bill would be defeated. The position in which the notice appears upon the bill is in violation of the requirement of the rule that it shall be "endorsed on" the bill, which, we think, means that it shall be so displayed on the back of the bill as to give it equal prominence with the statement of the parties. Besides, this case is a proper one for the application of the rule laid down by Fell, J., in Cassidy *v.* Knapp, Admin'r, 167 Pa. 305, 307, in dismissing a bill which was endorsed with a notice in accordance with the requirements of the old equity rules, and not in accordance with the amended equity rules which superseded them and changed the form of notice. He said: "These rules were formulated and adopted to regulate the practice of equity in the several Courts of Common Pleas in the Commonwealth, and went into effect on the first Monday of March, 1894. They were established under the direction and by the authority of an act of the legislature, and have all the force and effect of a positive enactment. All proceedings in equity which are not in conformity with them are irregular and void."

It, therefore, is our duty to dismiss this bill, and it will be so ordered. ·

And now, April 20, 1925, the bill is dismissed, at the cost of the plaintiff.

From M. M. Burke, Shenandoah, Pa.