From Richard E. Cochran, York, Pa.

---

## Horner v. Sanderson.

*New Equity Rules—Failure to serve copy of answer—Endorsement of bill—Exact address for service of notices, etc.—Judicial discretion in relieving against operation of rule.*

1. The new Equity Rules contemplate, under Rule 50, service of the answer upon the plaintiff, and while failure to do so might justify the entry of judgment *pro confesso*, yet the court may, under its judicial discretion, relieve a party in default where injustice or hardship might result.

2. Entry of an appearance by defendant will be a waiver of defects in the endorsement of the bill so far as the requirements of an appearance are concerned; but such an appearance will not be a waiver of the requirement of Rule 28, that the name and address where notices, etc., may be filed shall be endorsed upon the bill. Where the plaintiff is in default in failing to notify the defendant, by endorsement on the bill, of an exact address where the answer may be served, he is not in a position to ask for the entry of a decree *pro confesso*.

Rule to show cause why decree *pro confesso* should not be stricken off. C. P. Cumberland Co., June T., 1926, No. 4.

*G. Wilson Swartz*, for plaintiff; *John E. Myers*, for defendant.

BIDDLE, P. J., Feb. 7, 1927.—The bill in this case was filed Aug. 31, 1926, and was served on the defendant on Sept. 3, 1926. On Sept. 15, 1926, an appearance was entered for the defendant, and on Oct. 2, 1926, the defendant's answer was filed in the office of the prothonotary. This answer was not served upon the plaintiff. On Oct. 14, 1926, the plaintiff filed his præcipe to have a decree *pro confesso* entered against the defendant, because the answer in the case had not been served, and the prothonotary, on that date, entered a decree *pro confesso*. On Dec. 6, 1926, the defendant presented a petition, setting out the service of the bill and the filing of the answer and the entry of the decree, as above stated; averred that the entry of this decree was illegal and without warrant of law, and prayed that it might be stricken off; and, on that date, a rule to show cause why the prayer of the petition should not be allowed was granted. To this rule an answer was filed by the plaintiff, averring that the decree had been properly entered and that the only remedy

Horner *v.* Sanderson.

of the defendant was to ask to have the decree opened under the provisions of Rule 51 of the Equity Rules. The case comes before us for determination in this form.

An examination of the petition for the rule shows that it is not at all specific as to the grounds for the relief asked; but, on the argument, it was contended by the learned counsel for the defendant that there was no requirement in the Equity Rules for the service of an answer, and that, therefore, the entry of the decree on that ground was without warrant of law. It was further suggested, without contradiction at the argument, that, if such service was required, the failure to cause such service was that of the attorney alone, for which the client should not be penalized; and it was further pointed out that, as the bill itself was defective in that the endorsement thereon did not comply with the requirement of the present Equity Rules, the plaintiff was not in a position, in any event, to enter the decree complained of. On the part of the plaintiff, it was argued that the fault of counsel would not relieve his client; that the appearance by the defendant waived the defect in the endorsement of the bill, and that, in any event, the endorsement was sufficient, even if not in strict compliance with the present Equity Rules. An examination of the present Equity Rules shows no express direction that the answer of the defendant shall be served on the plaintiff, and this was not required by the former rules. That such service should be made, however, is, we think, contemplated by the provisions of Rule 50 that, "If no appearance or answer is filed *and served,* as required by these rules, plaintiff may enter an order, as of course, that the bill be taken *pro confesso.*" And again, in Rule 52, where it provides, in regard to the defendant, that, "To additional facts, if any, he may require the plaintiff to reply within fifteen days *after service* of the answer under penalty of having an order, as of course, entered by defendant that they be taken as admitted, with like exceptions as in the case of an answer to a bill."

The rules provide specifically for service of the bill, and describe, in Rule 27, how that service may be made; and taking these rules, together with Rule 91, that the practice shall conform as nearly as may be to the practice in courts of law in regard to the particular matter, we think it is clear that the rules contemplate a service of the answer upon the plaintiff in like manner that affidavits of defence are served upon the plaintiff in actions of law, and that a failure to serve the answer justifies the entry of a decree *pro confesso.* As, however, the rules do not specifically order this, and as, so far, we have not been referred to any ruling by the appellate court, or been able to find any, holding that the rule in regard to service may not be relieved against under any circumstances, we should feel that the case was one for equitable relief, even if nothing further appeared, because while, as ruled in Cassidy *v.* Knapp, 167 Pa. 305, and in many cases following it, the Equity Rules have all the force and effect of acts of assembly, it has also been ruled that, "on the other hand, they are, like all other rules of practice, subject to the judicial discretion of the chancellor as to their strict enforcement under circumstances productive of injustice or exceptional hardship:" Hinnershitz *v.* Traction Co., 206 Pa. 91, 98.

And that the recently adopted rules come within this general principle is, we think, manifest in the provision in Rule 51 that even a final decree entered in pursuance of one taken *pro confesso* may be opened and defendant permitted to answer over upon cause shown, and by the provision in Rule 5 that, in regard to decrees *pro confesso,* "any action thereon may be suspended, altered or rescinded by any law judge of the court on cause shown."

Horner *v.* Sanderson.

Apart from this, however, we feel that, even on the strict construction of the rules for which the plaintiff contends, he was not entitled to a decree *pro confesso* in this case. The endorsement upon his bill was not that prescribed by Rule 33, but was the endorsement provided by the old rules, which no longer are in effect. If the defendant had entered no appearance whatever, this defect in the bill would have made all subsequent proceedings irregular and void: Cassidy *v.* Knapp, 167 Pa. 305.

The defendant, however, did enter an appearance in spite of this irregular endorsement, and such appearance would have the effect of waiving the irregularity in the endorsement, so far as the provision relating to the entry of an appearance was concerned: Brinton *v.* Hogue, 172 Pa. 366.

But, while the appearance of the defendant would waive the defect in the endorsement of the bill, so far as the requirement of appearance was concerned, we do not think that the appearance was sufficient to waive the other defect in the endorsement. Rule 28 of the present rules requires that the bill "shall have endorsed thereon a name and address within the county in which the proceedings are pending where papers, process and notices may be served on plaintiff." The only attempt to comply with this requirement, so far as the plaintiff here was concerned, was this endorsement on the bill: "Witness my hand, at Carlisle, Pennsylvania, this 31st day of August, A. D. 1926. G. Wilson Swartz, solicitor for complainant. Carlisle, Cumberland county, Pa." We do not regard this as a sufficient compliance with the direction for giving a name and address where papers, process and notices may be served on the plaintiff. It is true that Carlisle is within the County of Cumberland. But Carlisle is a town of considerable size; it has a large number of streets, all of which have names, and the various buildings, of which there are several thousands, are duly and regularly numbered; and it has a regular free-delivery postal service. It would hardly be contended, we think, that, if a solicitor in an equity suit in the courts of Philadelphia simply gave the name of the solicitor and the address "Philadelphia," it would be sufficient; and while Carlisle is a very much smaller place than Philadelphia, yet the difference is merely one of degree and not of kind. That the learned counsel for the plaintiff had some thought of that himself appears, we think, from the fact that, while the bill had merely the endorsement that we have recited above, his praecipe for a decree *pro confesso* has endorsed upon it, among other things, "Name of person and place within said county where papers and notices may be served, G. Wilson Swartz, No. 3 South Hanover St., Carlisle, Pa. G. Wilson Swartz, attorney-at-law, Carlisle, Penna."

We think that the very purpose of the requirement in Rule 28 is to have the plaintiff give an exact address of the sort given by the plaintiff here in his praecipe for a decree, and not the merely general one endorsed on the back of the bill. As we feel that the plaintiff was in default in failing to notify the defendant of the proper address where the answer might be served, we also feel that he was not in a position to ask for the entry of a decree *pro confesso,* and that the power given to the court by Rule 5, cited above, should be used here.

And now, Feb. 7, 1927, the rule in this case is made absolute and the entry of the decree *pro confesso* is rescinded; the costs incurred in the entry of the decree in this proceeding to await the final determination of the case. The defendant is given fifteen days within which to have served the answer heretofore filed at the address noted on the plaintiff's praecipe for judgment. In default of such service, a decree *pro confesso* may properly be entered hereafter.

From Francis B. Sellers, Carlisle, Pa.