## Strizak et al. v. Danacko et al.

*John Skwier* and *George J. Puhak*, for plaintiffs.
*Henry Houck* and *J. F. Mahoney*, for defendants.

WHITEHOUSE, J., April 9, 1928.—On May 2, 1927, the plaintiffs filed a bill of complaint in the above case. The time for filing answer was extended through an agreement of attorneys, and the answer raising preliminary objections was filed on July 5, 1927.

On Sept. 12, 1927, plaintiffs moved for judgment *pro confesso*, stating in their petition that the defendants had filed preliminary objections on July 5, 1927, that the plaintiffs did not amend within ten days thereafter, and since defendants, in turn, did not, within the ten days after the expiration of the

ten days first referred to, order the case upon the argument list and neglected and failed to answer within an additional period of ten days, plaintiffs would be entitled to judgment *pro confesso* under provisions of Equity Rule No. 49. The court, on Sept. 12, 1927, made the following order: "And now, to wit, Sept. 12, 1927, the court order judgment *pro confesso* to be entered against the defendant, and that Monday, Sept. 28, 1927, be fixed for hearing for entry of the appropriate decree in accordance with Rule No. 51 of equity practice. By the Court."

There was no action taken on Monday, Sept. 28, 1927. On Oct. 3, 1927, defendants moved to have the case placed upon the argument list for disposition of the questions raised in the answer raising preliminary objections to the bill, and for the first time became acquainted with the fact that judgment had been taken against them *pro confesso*. The matter was deferred until Oct. 17, 1927, and again until Oct. 24, 1927, when the court granted a rule on the plaintiffs to show cause why the judgment *pro confesso* should not be stricken off.

There is no dispute as to the essential facts which are stated in the petition to strike off and the answer. Equity Rule No. 49 is as follows: "If defendant objects upon any one or more of the grounds above stated, plaintiff may, within ten days thereafter, amend as of course, in such a way as he may consider necessary to obviate the objections. If he does not amend, or defendant thinks the amendment is insufficient to remove all the objections, the latter may, within ten days thereafter, order the case upon the argument list for a hearing, otherwise all further objections will be deemed waived and defendant must answer within an additional ten days. If a hearing is had, the court shall either dismiss the objections and require the defendant to answer over, under penalty of having the bill taken *pro confesso*, or sustain them in whole or in part, and require plaintiff to amend accordingly, under penalty of a dismissal of the bill, in whole or in part, in either event within such time as the court shall prescribe, and upon such terms and conditions as to trial, continuance and costs as to it shall seem meet. . . ."

The plaintiffs, after the filing of the preliminary objections by the defendants, did not within ten days amend the bill of complaint, and, therefore, but two courses were open to the defendants, either to order the cause on the argument list within ten days after the expiration of the ten days allowed defendant to amend, which should have been done by præcipe to the prothonotary, or all objections would be deemed waived, and defendants should have answered within an additional ten days after their time for ordering the same on the argument list for hearing.

The defendants did not order on the argument list, and neglected and failed to file their answer within the period named in Equity Rule No. 49, and, therefore, the judgment *pro confesso* ordered by the court on Sept. 12, 1927, was proper under the circumstances.

"By the Act of June 16, 1836, § 13, P. L. 784, 789, the equity rules adopted by the Supreme Court have the force of a statute: Cassidy *v.* Knapp, 167 Pa. 305, 307:" Summerhill Borough *v.* Sherbine, 88 Pa. Superior Ct. 419, 423.

The Equity Rules for the County of Schuylkill provide as follows: "Beginning on the fourth Monday of the January Term and on the fourth Monday of each succeeding term, excepting July, and every Monday thereafter, until the first Monday of the following term, the court *in banc* will make up the argument and equity list, and all cases to be heard must be entered on said list, and the stenographer shall notify all counsel interested of the dates fixed for the hearing of the said cases, and shall post a copy of said list in the pro-

thonotary's office as soon as made up:" Rule 6, Court Rules of Schuylkill County.

Defendants' attorney contends that because of the Schuylkill County rule he was within his rights. It is, however, a well-settled principle that local court rules cannot override acts of assembly, and since the equity rules adopted by the Supreme Court have the force of an act of assembly, it is apparent that the Schuylkill County rules must give way if they conflict with the Equity Rules of the Supreme Court. We, however, do not believe that they conflict in this instance, as the said case could have been *ordered for argument* through a præcipe to the prothonotary within the time fixed by the Equity Rules of the Supreme Court, and then at the proper time, under the rules of the local court, the *time* for said argument should be named.

In the opinion of the writer, there was some neglect upon the part of the defendants, possibly due to their interpretation of the Equity Rules of the Supreme Court and the local court rules relative to the fixing of the time of argument. It has been held, however, that whilst the equity rules have the force and effect of a positive enactment, they are not inexorable under all circumstances, and that it was not intended to take them out of the ordinary equitable control of a chancellor in the application of chancery rules.

"The right of the court to allow the filing of exceptions *nunc pro tunc*, notwithstanding the language of Equity Rule 65, was elaborately considered by the learned judge below, and though it is only impliedly challenged here, it may be well to say that it was a matter within his legal discretion. The equity rules were promulgated by this court under the authority of an act of assembly, and it has been said that they 'have all the force and effect of a positive enactment:' Cassidy v. Knapp, 167 Pa. 305. By this was meant that they were established as rules of equity practice in all the courts of the Commonwealth and must be followed and enforced as such. When they were first published there was a disposition in some districts to regard them as subject to the approval and adoption of the local courts. This view had to be corrected by the reversal of the decrees in Chester Traction Co. v. Phila., etc., R. R. Co., 180 Pa. 432, and Palethorp v. Palethorp, 184 Pa. 585. But it was not intended to say that they were inexorable under all possible circumstances or to take them out of the ordinary equitable control of a chancellor in the application of chancery rules to exceptional cases. Such a construction might easily make them more oppressive than mandatory statutes:" Hinnershitz v. United Traction Co., 206 Pa. 91, 97.

"These illustrations serve to show the scope of the equity rules. They are the rules of all the courts, to be enforced as of course in all of them, and not relaxed or disregarded as matter of mere indulgence or convenience. But, on the other hand, they are like all other rules of practice, subject to the judicial discretion of the chancellor as to their strict enforcement under circumstances productive of injustice or exceptional hardship:" Hinnershitz v. United Traction Co., 206 Pa. 91, 98.

See, also, Bixler v. Swartz, 257 Pa. 300, 303; Sunbury Borough v. S. & S. R. R. Co., 241 Pa. 357, 360; Crenell v. Fulton, 241 Pa. 572, 579.

The plaintiffs were not injured in any way, as under the local rules it was impossible for the case to be argued before the week of Oct. 3, 1927, and we believe that, under all the circumstances, the rule to strike off the judgment *pro confesso* should be made absolute.

And now, April 9, 1928, rule to strike off judgment *pro confesso* is made absolute and said judgment stricken from the record.

From M. M. Burke, Shenandoah, Pa.