**Pennsylvania Rules of Judicial Administration**
**[These are entirely new rules.]**

## Rule 104. Principles of Construction.

In the construction of procedural or evidentiary rules adopted by the Supreme Court, the principles set forth in Rules 105 to 115 shall be observed, unless the application of such principles would result in a construction inconsistent with the manifest intent of the Supreme Court.

## Rule 105. Number. Tense.

The singular shall include the plural, and the plural, the singular. Words used in the past or present tense shall include the future.

## Rule 106. Words and Phrases.

(a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or as are expressly defined by rule shall be construed according to such peculiar and appropriate or express meaning or definition.

(b) General words shall be construed to take their meanings and be restricted by preceding particular words.

**Comment:** A word or phrase's common meaning may be discerned through examination of its dictionary definition and its legal meaning may be gleaned from its use in the *corpus juris. See Commonwealth v. Wardlaw*, 249 A.3d 937, 946-47 (Pa. 2021).

## Rule 107. Computation of Time.

(a) **Days.** When any period of time is referred to in any rule, such period, except as otherwise provided in subdivisions (c) and (d), shall be computed to exclude the first and include the last day of such period.

(b) **Omitted Days.** Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

(c) **Successive Weeks.** Whenever in any rule providing for the publishing of notices, the phrase ''successive weeks'' is used, weeks shall be construed as calendar weeks. The publication upon any day of such weeks shall be sufficient publication for that week, but at least five days shall elapse between each publication. At least the number of weeks specified in ''successive weeks'' shall elapse between the first publication and the day for the happening of the event for which publication shall be made.

(d) **Months.** Whenever in any rule the lapse of a number of months after or before a certain day is required, such number of months shall be computed by counting the months from such day, excluding the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order as the day of the month from which the computation is made, unless there are not so many days in the last month so counted, in which case the period computed shall expire with the last day of such month.

## Rule 108. Construction of Rules. Intent of Supreme Court Controls.

(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters:

(1) precedent of the Supreme Court interpreting the current rule;

(2) the commentary accompanying the rule;

(3) the rulemaking history;

(4) other procedures governing the same or similar subjects;

(5) the practice followed under the rule;

(6) the consequences of a particular interpretation; and

(7)     the prior practice, if any, including other rules and Acts of Assembly, upon the same or similar subjects.

**Comment:**   For "commentary accompanying the rule," see Pa.R.J.A. 103, Comment. Concerning subdivision (c)(3), consideration of the rulemaking history may include the occasion and necessity for a rule, circumstances under which it was promulgated, prior practice, and the objective to be attained.   Such information may be found in Rules Committees' reports.  *See* Pa.R.J.A. 103, cmt.  Statements contained in these reports have not been adopted by the Supreme Court and should only be consulted for the limited purpose of understanding the history of a rule.  For subdivision (c)(6), see Pa.R.J.A. 109 (Presumptions in Ascertaining the Intent of the Supreme Court).

## Rule 109.  Presumptions in Ascertaining the Intent of the Supreme Court.

Ascertaining the Supreme Court's intention in the adoption or amendment of a rule may be guided by the following presumptions among others:

(a)     The Supreme Court does not intend a result that is absurd, impossible of execution, or unreasonable;

(b)     The Supreme Court intends a rule to be construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which it is applicable;

(c)     The Supreme Court intends the entire rule or chapter of rules to be effective and certain;

(d)     The Supreme Court does not intend to violate the Constitution of the United States or of this Commonwealth;

(e)     If the Supreme Court has construed the language used in a rule or statute, the Supreme Court in promulgating a rule on the same subject matter which employs the same language intends the same construction to be placed upon such language;

(f)     The Supreme Court intends to favor the public interest as against any private interest; and

(g)     No rule shall be construed to confer a right to trial by jury where such right does not otherwise exist.

## Rule 110.  Titles, Conditions, Exceptions, and Headings.

(a)     The title or heading of a rule may be considered in construing the rule.

(b)     Conditions shall be construed to limit rather than to extend the operation of the clauses to which they refer.

(c)     Exceptions expressed in a rule shall be construed to exclude all others.

(d)     The title or heading prefixed to a chapter of rules shall not be considered to control but may be used in construing the rules.

## Rule 111.  Rules in Derogation of the Common Law.

The principle that laws in derogation of the common law are to be strictly construed shall have no application to the rules promulgated by the Supreme Court.

## Rule 112.  Rules *In Pari Materia*.

Rules or parts of rules within a particular body of rules are *in pari materia* when they relate to the same proceedings or class of proceedings.  Rules *in pari materia* in the same body of rules shall be construed together, if possible, as one rule or one chapter of rules.

## Rule 113.  Particular Controls General.

Whenever a general provision in a rule shall be in conflict with a particular provision in the same or another rule, the two shall be construed, if possible, so that effect may be given to both.  If the conflict between the two provisions is irreconcilable, the particular provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be promulgated later and it shall be the manifest intention of the Supreme Court that such general provision shall prevail.

## Rule 114.  Construction of Rule Amendments.

(a)     **Textual Indicators.**  Amended text indicated by the text in bold font within brackets shall be omitted, and the text in bold font and underscored shall be read as part of the rule.

(b)     **Amendments.**  Whenever a rule or part of a rule is amended, the amendment shall be construed to merge into the original rule, become a part thereof, and replace the part amended.  The remainder of the original

rule and amendment shall be read together and viewed as one rule promulgated at one time; but the portions of the rule which were not altered by the amendment shall be construed as effective from the time of their original promulgation and the new provisions shall be construed as effective only from the date when the amendment became effective.

(c)    **Merger of Subsequent Amendments.** Whenever a rule has been more than once amended, the latest amendment shall be read into the original rule as previously amended and not into such rule as originally promulgated.

**Rule 115.  Procedures Inconsistent with Rules.**

All laws shall be suspended to the extent that they are inconsistent with rules prescribed under the Constitution of 1968.  Procedures set forth in statute or local rule shall be inapplicable to the extent that they are inconsistent with rules prescribed by the Supreme Court governing proceedings on the same subject matter.

**Comment:**  *See* Pa. Const. art. V, § 10(c); 42 Pa.C.S. § 1722(a)(1); *see also* Pa.R.J.A. 103(d)(2); *Appeal of Gibbons*, 104 Pa. 587, 591 (1884) (court of common pleas cannot adopt rules inconsistent with Supreme Court rules).