# Forward School District's Appeal.

A taxable petitioned an associate judge to restrain a school board and tax-collector until she might petition the court for injunction, on the ground that she was exempt from the tax; the judge restrained the respondents. The complainant at the next term obtained a rule to show cause why the respondents should not be enjoined from collecting the tax; on the hearing the court gave complainant leave to amend her bill so as to set out "that she commences on the equity side of the court," and at the same time decreed an injunction. The complainant afterwards amended her bill accordingly. *Held*, that the proceedings could not be so amended, and they were quashed.

November 14th 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Appeal by the Forward School District from the decree of the Court of Common Pleas of *Butler county:* No. 101, to October and November Term 1867.

The proceedings commenced November 17th 1865, by the petition of Jane Blakely to the Hon. James Mitchell, an associate judge, setting forth that the School Directors of Forward township had illegally assessed on her a bounty tax of $35, and that the tax had been put into the hands of Jacob Hight for collection, who was about to proceed to collect it, and prayed the judge to make an order restraining the collector from proceeding until the first day of the next term, that she might then " present her peti-

tion to the said court for a rule on the said directors and collector to show cause why she shall not be exonerated from said tax, as she should be, on the grounds that she had five sons in the army and lost one—according to an Act of Assembly."

On the same day Judge Mitchell made an order staying the proceedings as prayed for.

On the 4th of December the complainant presented her petition to the Court of Common Pleas, setting forth more in detail the allegations of her first petition, and prayed for a rule on the school directors and collector to show cause why she should not be exonerated from the payment of the tax, and the respondents "restrained from the collection of the same until the final adjudication of the case." On the same day the "court awarded a citation to the within named school directors and collector to show cause why (she should not be exempt from bounty-tax) the prayer of petitioner should not be granted, and sale of the property of the petitioner be not made in the collection of said tax, and that the proceedings be stayed in the mean time."

On the 11th of December the complainant filed a bond with surety, to indemnify the directors and collector "for all damages that may be sustained by reason of an injunction restraining them from the collection of a bounty-tax, levied and assessed upon the property of the said Jane Blakely by said school directors. In case the suit pending in the Court of Common Pleas of Butler county concerning said tax shall be decided against said school directors and bounty-tax collector, then this obligation be void, &c."

The defendants answered, reserving all benefit of exception to the many errors, &c., contained in the bill, "to wit, that the same is not stated to be in equity; has not the form or manner of a bill; is not contained in the equity docket, and not conducted or served according to the rules of equity; does not set forth who are the school directors of said district; who the president or secretary thereof; and no endorsement or copy of the bill served on the corporation of the school directors," &c.; and averred, that "according to their judgment, information and advice," the complainant was not entitled to the exoneration claimed; that they did not know that she had five sons in the army, and therefore denied it; and, especially, that any son went into the service from under her roof, or under 21 years of age, but they had left her and formed no part of her family;" with other averments not material.

After hearing, the court made this decree:—

"And now, to wit, April 23d 1867, being satisfied from the evidence that the plaintiff, Mrs. Jane Blakely, is entitled to be exonerated from the payment of the tax set out in her bill, we permit her to amend her bill in setting out that she commences on

the equity side of the court; and order and decree that she be exonerated from the payment of the same for ever; and that the said school directors named in the return to process of this court and appearing thereto, and the said Jacob Hight the collector, be enjoined from the collection thereof; and further order that complainant file no bill for the attendance of witnesses, and costs of commissioner for taking their testimony; and, that the school directors pay the costs of this proceeding."

On the 12th of May 1867, the respondents filed in the Court of Common Pleas an appeal to the Supreme Court.

On the 12th of June 1867 the complainant filed this amendment:—

"To the Honorable the Judges of the Court of Common Pleas of Butler county, sitting in equity:

"Jane Blakely, of Forward township, Butler county, Pa., at No. 52, C. P., of December Term 1865, petitioned for relief from a bounty tax, set forth in her petition therein filed, for the reasons therein stated and proven. She now, by her attorneys Black & Fleeger, hereby amends her petition by claiming relief from the equity side of the court, as per order and decree made in said court.

"JANE BLAKELY,
"Per BLACK & FLEEGER."

The appellants assigned for error, that the court erred:—

1. In assuming jurisdiction, and adjudicating on the case as presented; the form of proceeding adopted by appellee not being authorized by law.

2. In directing the appellee's petition for a rule to show cause, to be amended so as to convert it into a bill in equity, praying an injunction.

3. In deciding that the appellee was entitled by law to be exonerated from the payment of said tax, and in granting an injunction on appellants to restrain the collection of same.

4. In deciding that appellants should pay any part of the costs of said proceeding.

*J. Bredin* (with whom was *L. Z. Mitchell*), for appellants, cited Baker *v.* Vanderwarker, 8 Wright 442; 2 Kent's Com. 72; Acts of April 14th 1864, §§ 2, 12; August 22d 1864, § 4, Pamph. L. 420, 981; March 23d 1865, §§ 2, 4, Pamph. L. 719; March 21st 1866, § 2, Pamph. L. 216.

*McCandless*, for appellees, cited Stephens *v.* Stephens, 1 Phila. R. 108; Commonwealth *v.* Cochran, 5 Binn. 87; s. c., 1 S. & R. 473; Drexel *v.* Mann, 6 W. & S. 386; Commonwealth *v.* Rosseter, 2 Binn. 362; James *v.* Commissioners of Bucks Co.,

[Forward School District's Appeal.]

1 Harris 75; Baker *v.* Vanderwarker, 8 Wright 442; 1 Tr. &
H. Pr. 102, 103; Bank of Kentucky *v.* Schuylkill Bank, 1 Pars.·
R. 222; Benner *v.* Frey, 1 Binn. 369; Baily *v.* Musgrave, 2 S.
& R. 219; Sandback *v.* Quigley, 8 Watts 462; ·Ordroneaux *v.*
Prady, 6 S. & R. 510; Clymer *v.* Thomas, 7 Id. 180; Unangst
*v.* Kraemer, 8 W. & S. 391; Gilpin *v.* Howell, 5 Barr 41; Rank
*v.* Rank, Id. 211; 2 Kent's Com. 72; Brightly's, §§ 771, 777;
Roop *v.* Meek, 6 S. & R. 545; also to the acts cited by the
appellants.

The opinion of the court was delivered, January 7th 1868, by
AGNEW, J.—This was a most irregular proceeding. It com-
menced by the petition of Mrs. Jane Blakely to an associate judge
of Butler county, to restrain the school directors and the collector
from levying and selling her property for a bounty tax, and asked
a rule to show cause why she should not be exonerated from the
tax. The collection was stayed by the order of the judge until
the following term and the petition came into court, wherein it
was proceeded with until the final order of the court, which gave
her leave to amend her bill (as it is called), by setting out that
she commences on the equity side of the court. In the same
breath, it decrees that she be exonerated from the payment of
the tax for ever, and enjoins the directors and collector from the
collection thereof, and orders the directors to pay the costs. At
the following term, Jane Blakely, by her attorney, came in and
filed a statement, that she amends her petition by claiming relief
on the equity side of the court. Clearly, there was no warrant
for this anomalous proceeding. Its effect was to relieve the
plaintiff from the rules and practice of a court of equity, and to
deprive the defendants of the advantages of their proper position
as respondents to a bill in equity before a decree. The hand of
equity is supposed to be very plastic; but it is beyond even the
power of a chancellor to take up such a proceeding as this, and,
at a single cast to mould it into a shape to bind the rights of par-
ties giving no consent to the form of proceeding.

But, independently of the total departure from the forms and
practice of equity, the court had no power upon the merits to
make the decree it did.

This is shown in the cases of James and William Harvey
(ante, p. 315), from the same county, in which an opinion has
just been read.

> The decree of the court below is reversed and set aside,
> and all the prior proceedings are ordered to be quashed
> at the costs of the complainant.