# Cooke v. Central District and Printing Telegraph Company, Appellant.

*Equity—Equity practice—Equity rules Printing bill.*

A bill in equity should be dismissed which offends against the equity rules in the following particulars: (1) That the bill was not printed as required by Rule 14 and was not accompanied by a certificate that there had not been time to print the same; (2) that there was not indorsed on the bill the notice to appear required by rule 4; (3) that the bill did not set forth that it was filed or intended to be filed in a court of common pleas sitting in equity; (4) that the plaintiff did not call his application a bill, but a petition.

*Equity—Equity practice—Pleading—Telephone company.*

A bill in equity against a telephone company is fatally defective in substance where it merely alleges that the defendant was about to erect a telephone pole on the property of the plaintiff, and that the erection of such pole would be a great and irreparable damage to said property, without any averment that the defendant was without authority to erect the pole, or that such erection would be unlawful, or that there were peculiar circumstances which rendered the remedy at law inadequate.

Argued April 21, 1902. Appeal, No. 133, April T., 1902, by defendant, from decree of C. P. Greene Co., No. 66, in equity, in case of A. I. Cooke v. Central District and Printing Telegraph Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Bill in equity for an injunction.

The bill as originally filed was not printed, and was in the following form:

| A. I. Cooke vs. Central District and Printing Telegraph Company, a Corporation. | In the Court of Common Pleas of Greene County, Pennsylvania. |
|---|---|

To the Honorable R. L. Crawford, Judge of the Court of Common Pleas of Greene County, Pennsylvania.

The petition of A. I. Cooke respectfully represents:

1. That he is a resident of Waynesburg, Greene County, Pennsylvania.

44  COOKE *v.* TELEGRAPH CO., Appellant.

Statement of Facts—Opinion of Court below. [21 Pa. Superior Ct.

2. That the Central District and Printing Telegraph Company, a corporation, by its agents, are about to erect a telephone pole or poles on the property of your petitioner. That the erection of said pole or poles would be a great and irreparable damage to the property of your petitioner. Said property being on Morris and Franklin streets, Waynesburg, Pa.

Your petitioner therefore prays the court, in consideration of the premises aforesaid, to grant an injunction enjoining and commanding the said defendant and its agents or employees from erecting the said pole or poles, and that they desist from the same until the said court shall make further orders to the contrary.  A. I. COOKE.

COMMONWEALTH OF PENNSYLVANIA, ) ss.
  GREENE COUNTY,     )

On this 23d day of December, 1901, before me, a prothonotary of said county, personally came A. I. Cooke; who, being by me duly sworn says that the statements contained in the above petition are true and correct as he verily believes.

  Sworn and submitted    A. I. COOKE.
    JAMES L. IAMS, Prothy.

The case was heard on bill, answer and proofs.

The court, CRAWFORD, P. J., found as a fact that the proposed location of poles on the plaintiff's property was not necessary, and continued the injunction previously granted.

On exceptions the court filed an opinion which was in part as follows:

Thirty-five exceptions have been filed on the part of the defendant company covering the findings of fact, conclusions of law and decree of court heretofore entered in this case. We have examined all of these exceptions, but will only refer at this time to two of them, the eighth and sixteenth respectively. The eighth exception refers to the defendant's seventh request for finding of fact which was as follows: " That the plaintiff's bill is not printed as required by Rule 14, nor has it subjoined thereto a certificate of counsel, that his client, by reason of poverty, is unable to pay for the same, nor that there has not been time to print said bill, wherefore, under said rule the prothonotary should not have permitted said unprinted bill to

be filed." Our answer to this was as follows: "This finding is refused as improper and immaterial under the order made and agreement had between the parties at the hearing." The plaintiff was compelled to prepare his bill or petition for a preliminary injunction in great haste, the defendant's agents being upon his premises and preparing to put in the pole of which he complained. Not having time to print it under these circumstances, it was hurriedly dictated to a typewriter. At the hearing the defendant company came in with its witnesses, having already filed its printed answer. The parties having agreed to make the preliminary hearing a final one, permission was given the plaintiff to print and amend his bill to make it conformable to rule of court. The printed bill, therefore, was amended in these particulars, but was in substance the original bill as filed. No injury was done to the defendant in this, and we regard the objection as purely technical.

*Error assigned* was decree of the court continuing the injunction.

*Joseph Patton*, with him *A. H. Sayers*, and *James J. Purman*, for appellant, cited as to the violation of the equity rules: Etting v. Levy, 31 Legal Int. 148; Brennan's Estate, 65 Pa. 16; Rentzheimer v. Bush, 2 Pa. 88; Kincaid's Appeal, 66 Pa. 411; Gilroy's Appeal, 100 Pa. 7; Stine & Bro. v. Atkins, 1 Foster, 35; Gibbons's Appeal, 104 Pa. 587; Cassidy v. Knapp, 167 Pa. 305; Philadelphia v. McManes, 17 Phila. 50.

*Thomas S. Crago*, for appellee.

OPINION BY W. D. PORTER, J., July 10, 1902:

This proceeding was irregular from its inception. It commenced by a petition of the plaintiff to the judge of the court of common pleas of Greene county, to restrain the defendant company from erecting a telephone pole on the land of the petitioner. The learned judge made an order directing that an injunction issue. The defendant company filed an answer and moved the court to dissolve the injunction and dismiss the plaintiff's bill upon the grounds that the same offended against the rules of equity practice adopted by the Supreme

Court in the following particulars : 1. The bill was not printed as required by Rule 14 and was not accompanied by a certificate ; that there had not been time to print the same. 2. That there was not endorsed upon the bill the notice to appear required by Rule 4. 3. That the bill did not set forth that it was filed or intended to be filed in a court of common pleas siting in equity. 4. That the plaintiff does not call his said application a bill but a petition, which could not be entertained. The court overruled the motion to dissolve the injunction, and made an order that, " the petition filed in this case is ordered to be filed as an injunction bill and leave given the plaintiff to amend said petition so as to conform to the requirements of rule of court as to printing." This order could have no further effect than to permit the plaintiff to print the petition as filed. " The hand of equity is supposed to be very plastic ; but it is beyond even the power of a chancellor to take up such a proceeding as this, and at a single cast to mould it into a shape to bind the rights of parties giving no consent to the form of proceeding : " Forward School District's Appeal, 56 Pa. 318. The equity rules adopted by the Supreme Court, under the direction and by the authority of the act of the legislature, have all the force and effect of a positive statute. The prothonotary ought not, in the absence of the proper certificate, to have permitted the unprinted petition to be filed, but he may have been misled by the fact that the petition did not upon its face purport to be a bill in equity. The failure to indorse the bill with a notice to appear, as required by the rule, was an irregularity which, the question having been raised at the proper time, ought to have resulted in the dissolution of the preliminary injunction and the dismissal of the bill: Cassidy v. Knapp, 167 Pa. 305.

Independently of the total departure from the forms and practice of equity, the bill was fatally defective in substance. The only allegation of fact was, that the defendant corporation was about to erect a telephone pole on the property of the petitioner, and that the erection of said pole would be a great and irreparable damage to said property. If the defendant corporation was without authority to erect the pole, or such erection would be unlawful, the bill should have so averred : Delaware County's Appeal, 119 Pa. 159 ; Kemble v. Phila.,

etc., R. R. Co., 140 Pa. 14; McHale v. The Easton & Bethlehem Transit Company, 169 Pa. 416. The erection of a telephone pole upon land may be an injury to the property, but such injury is usually one which can be fully compensated in damages: Lockhart v. Craig Street Railway Company, 139 Pa. 419. When because of peculiar circumstances the remedy at law is not adequate the specific facts ought to be averred: Gilfillan v. Grier, 145 Pa. 318.

The evidence which plaintiff offered in support of his bill established that the point at which it was proposed to erect the pole was not upon private property, but at the curb line of two public streets in the borough of Waynesburg. The learned judge found as a fact that the defendant was a legally organized corporation of Pennsylvania and that the proper authorities of the borough of Waynesburg had by ordinance granted it the necessary franchise and right to construct lines of telegraph and telephone wires within the limits of said borough with the right to erect poles in and upon the several streets and alleys of said borough. A street in a city is subject to a greater servitude in favor of the public than a road in the open country. The borough had the right to authorize the use both of the cartway and sidewalk of the street for any urban purposes, and for such use the owners of abutting properties are not entitled to damages, unless there be some direct or consequential injury to the abutting land: McDevitt v. People's Natural Gas Company, 160 Pa. 367. The rights of a property owner with regard to a telephone pole erected in a public street of a borough are not the same as when the location is upon his private land. This plaintiff ought to have made the averments of his bill in harmony with the facts.

The decree of the court below is reversed; and it is now ordered that plaintiff's bill be dismissed and that he pay the costs in the court below and upon this appeal.