## Coombe Garment Company *v.* Morris, Appellant.

*Equity—Equity practice—Equity rule 4—Notice on defendants to appear and answer.*

The notice required under equity rule 4 to be indorsed on a bill in equity, is not insufficient merely because it adds to the names of the defendants the words "and their associates," and because it omits the name of the complainant after the words "within named complainant," in the body of the notice.

Argued Dec. 2, 1912. Appeal, No. 9, Oct. T., 1912, by defendants, from decree of C. P. Schuylkill Co., Nov. T., 1911, No. e, containing preliminary injunction in case of Coombe Garment Company v. Albert Morris et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an injunction.

The case turned upon the alleged insufficiency of the notice indorsed upon complainant's bill. The indorsement on the bill was as follows:

"In the Court of Common Pleas of Schuylkill County. In Equity, The Coombe Garment Co., Plaintiff, vs. Albert Morris, et al., Defendants.

"To Albert Morris, Paul Shellakas, William McClay, William Hammer, Edward McClure, Anthony McClusky, Thomas Orff, Tillie Atkinson, Tillie Hinkle, Dora Orff, and their associates.

## "BILL OF COMPLAINT.

"To the within named defendants and their associates: You are hereby notified and required within fifteen days after the service hereof on you, to cause an appearance to be entered for you in the Court of Common Pleas of Schuylkill County and file your answer within thirty days in said Court, to the within Bill of Complaint of the within named Complainants, and to observe what the said Court shall direct.

"You are also notified that if you fail to comply with the above directions, by not entering an appearance in the Prothonotary's office within fifteen days, and by not filing your answer within thirty days, you will be liable to have the Bill taken Pro Confesso, and a decree made against you in your absence.

"Witness our hands at Pottsville, Pa., this 6th day of September, A. D. 1911.

"GEO. F. BRUMM,
"C. E. BERGER,
"M. M. BURKE,
"Solicitors for Plaintiff."

The court held the notice sufficient, and refused to dismiss the bill.

*Error assigned* was decree refusing to dismiss the bill because of the insufficient notice.

*J. O. Ulrich,* for appellant, cited: Cassidy v. Knapp, 167 Pa. 305; Brinton v. Hogue, 172 Pa. 366; Buffalo & St. Mary's R. R. Co. v. R. R. Co., 174 Pa. 263; Cooke v. Telegraph Co., 21 Pa. Superior Ct. 43; Green v. Paint Co., 25 Pa. Superior Ct. 415.

*C. E. Berger,* with him *Geo. F. Brumm* and *N. M. Burke,* for appellees, cited: Hinnershitz v. Traction Co., 206 Pa. 91; Bowman v. Cassel, 32 Pa. C. C. Rep. 316.

OPINION BY RICE, P. J., February 27, 1913:

Upon the filing of this bill in equity and accompanying injunction affidavits, an ex parte injunction was issued in accordance with Equity Rules 81 and 82. On the date— five days later—fixed for hearing the motion for injunction, the defendants, without entering appearance, moved to dismiss the bill upon the ground of insufficiency of the notice indorsed thereon, and, on November 14, this motion was overruled. On the following day the court permitted an amendment of the notice and directed service of the amended bill to be made upon the defendants. This order was excepted to by the defendants, but is not assigned for error. Subsequently, after due hearing, at which testimony was taken before the court, the preliminary injunction was continued until final hearing. Thereupon this appeal was taken. The only assignment of error is to the refusal of the defendants' motion to dismiss the bill.

It may be questioned whether, without assigning the decree continuing the special injunction until final hearing for error, the order refusing to dismiss the bill should not be treated as an interlocutory order from which an independent appeal does not lie. But it is not necessary to decide, or to take up time in the discussion of, that question, because we are of opinion that the order complained of was not erroneous.

The notice indorsed on the bill, after giving the caption of the suit, was as follows: "To Albert Morris (here follow the names of the other defendants) and their associates. Bill of Complaint. To the within named defendants and their associates: You are hereby notified and required, within fifteen days after service hereof on you, to cause an appearance to be entered for you in the court of common pleas of Schuylkill County and file your answer within thirty days in the said court to the within bill of complaint of the within named complainants, and to observe what the said court shall direct." Then follows, in the precise language of Equity Rule 4, the notice as to taking the bill pro confesso, etc. Upon comparison of this notice with

the form of notice prescribed by the equity rule, it will be seen that, if the words, "and their associates. Bill of Complaint. To the within named defendants and their associates," were struck out, and the words, "The Coombe Garment Company," were inserted after the words, "within named complainants," the notice would conform to the rule. But the name of the complainant had been given at the head of the notice, and the other words were mere surplusage, which was not repugnant to, but entirely consistent with, what had preceded, and therefore could not have misled the defendants. The case is radically different from Cassidy v. Knapp, 167 Pa. 305, for there the notice was defective in matter of substance, in that it required the defendants to appear within fourteen days, instead of fifteen as the rule prescribes. Here, there was substantial compliance with the rule in every essential particular. We are mindful that the equity rules adopted by the Supreme Court, under the authority of a statute, have all the force of a positive enactment, and that they are to be enforced as of course in all of the courts, and not relaxed or disregarded as matter of mere indulgence or convenience: Hinnershitz v. United Traction Co., 206 Pa. 91. Even in matters of form, where a form is prescribed by them, they are binding and must be complied with. But we cannot agree that the rule in question is so absurdly strict that such a trifling and harmless variance as exists here is fatal. As well might it be said that the omission of the preposition "to," before the word "file," was fatal to the notice requiring an answer.

The decree is affirmed and the appeal is dismissed at the costs of the appellants.