## C. P. Matthews & Son, Inc., v. Lewis.

*Practice, equity — Equity rules — Bill — Designation of parties — Notice endorsed on bill—Amendment—Injunction affidavits.*

1. The Supreme Court Equity Rules are the rules of all the courts, to be enforced as of course in all of them, and not to be relaxed or disregarded as a matter of mere indulgence or convenience, and have the force of positive enactment.

2. A preliminary injunction will be dissolved where the bill designates the parties as "complainant" and "respondent," instead of "plaintiff" and "defendant," as directed by Rule 16, where the notice endorsed thereon is to "complainant within named," instead of naming her; where, in the notice, the court is not designated *eo nomine*, but is described as "the within court," and where the notice omits the required closing clause of "witness my hand" by plaintiff's solicitor.

3. An injunction affidavit is insufficient where the affiant states that "he has been notified and believes," without setting forth the source of his information.

4. A motion to dismiss a bill is broad enough to include a motion to dissolve a preliminary injunction.

Motion to dismiss bill in equity. C. P. Susquehanna Co., Aug. T., 1922, No. 308.

*E. T. Noble*, for plaintiff.

*D. T. Brewster, H. A. Denney* and *D. J. Rudy*, for defendant.

SMITH, P. J., July 27, 1922.—July 17, 1922, we were presented with plaintiff's bill, praying for a preliminary injunction to restrain the respondent, individually and as representative of the Ellis heirs, "as well as all other owners of property abutting on Lewis Lake," from hindering and preventing the employees of the Erie Railroad Company, or the employees of the Delaware & Hudson Company, or any other person or persons, from repairing the said Lewis Lake Dam, or from causing their arrest for trespassing while they are on the premises for the purpose of making repairs to said Lewis Lake Dam.

The bill, setting forth the allegation of complainants' water rights in Lewis Lake and to maintain the dam thereof, is based upon a recorded deed, etc.; that, under their authority, employees of the said railroad companies had entered upon the premises for such purpose, and at the respondent's complaint they had been arrested and summarily convicted before C. M. Carpenter, a justice of the peace, and fine imposed; that such repairs had been ordered by a representative of the Pennsylvania State Water Supply Commission; that, owing to heavy storms, the dam had become "defective;" it is in imminent danger of flooding the valley "below," thereby endangering the lives of a large number of the inhabitants of the village of Uniondale, and the mill property of the complainants is in imminent danger of destruction, as well as property of the inhabitants of the village of Uniondale, resulting "in irre-

2 D. & C.

parable damage to your orator;" that for such injuries "your orator has no adequate remedy at law."

Accompanying the bill were the injunction affidavits of Walter L. Matthews, general manager of C. P. Matthews & Son, Inc., complainants; Daniel F. Gibson, Francis A. Faatz and H. S. Rogers, all phrased in the third person and not in the first person, as required by Equity Rule 57.

Neither the bill nor any of the injunction affidavits allege any threats of further interference by the respondents or on their behalf in the premises, or fears of such interference, except possibly the bare statement in that of Francis A. Faatz, one convicted and fined by the justice of the peace, "that deponent and his fellow-workmen will be unable to carry out the orders of the division engineer of the Delaware & Hudson Company to repair said dam on account of said arrest and the *prospect* of being arrested again;" and also the further allegation in the bill and Faatz affidavit that the said justice of the peace made an "order restraining them from further trespassing by repairing dam."

We further note that the parties to the bill are designated as "complainant" and "respondent," instead of "plaintiff" and "defendant," as directed by Equity Rule 16, and the notice endorsed thereon is "to complainant within named," instead of naming her, and instead of designating *eo nomine* the proper court, uses the language "the within court." There is also the omission from such notice the required closing clause of "witness my hand" by plaintiff's solicitor, also of statement of "the place where the court is held and the date of the notice;" in these particulars not conforming to Equity Rule No. 4; neither does the "introductory" clause of the bill comply with the mandate of Equity Rule 16.

Referring again to the injunction affidavits, those of Walter L. Matthews and H. S. Rogers, as to the interference or trespass sought to be restrained, state only that "he has been notified and believes," then setting forth the same, but does not state the source of such information, and on this branch only the one affidavit of Francis Faatz is positive.

Having granted a preliminary injunction and by agreement of counsel fixed date of hearing, prior to the latter, solicitors for the "respondent" presented a motion to dismiss the bill with reasons attached, and on date fixed for hearing assigned others, alleging the non-conformity to the equity rules and defective affidavits in the particulars we have above recited.

By the closing sentence of Equity Rule 81, it is provided that "defendant may move to dissolve at any time without waiting for the expiration of the five days," previously in the rule given as the period of limitation of time of hearing on rule to dissolve or continue the preliminary injunction. It will be noted the motion here is not to "dissolve" injunction, but dismiss the bill.

In advance of further discussion, we conclude the latter is broad enough to include the former. Clearly the dismissal of the bill would *de facto* dissolve the injunction, and we can conceive cases where a bill might be sustained as drawn or with defects amended, and yet the preliminary injunction be dissolved; *i. e.*, should there be no injunction affidavits, as they are by said Rule 21 only necessary to warrant the "preliminary" injunction, which the plaintiff may omit to ask for or be refused by the court, and resort to hearing to have determined the questions at issue under the evidence, following the usual proper equity pleadings of bill, answer, replication, etc., as in other issues in equity.

And here we observe that at the argument, while the solicitor representing the complainant contended the objections made to the bill were not substantial

or fatal, if so determined by the court, they were amendable, whereupon we stated that if amendments were desired, and were reduced to writing and filed within twenty-four hours and notice thereof given to respondent's solicitor, under Equity Rule 48, we would act upon them, as required of us by this rule, authorized "as a matter of course . . . before answer or demurrer to the bill." At this writing, more than forty-eight hours elapsing and no proposed amendment having been presented to us or filed in the case, we are left to pass upon the motion before us upon the objections assigned, concerning which we will not decide whether they are amendable or not.

The equity rules are the rules of all the courts, to be enforced as of course in all of them, and not to be relaxed or disregarded as matter of mere indulgence or convenience (Hinnershitz v. United Traction Co., 206 Pa. 91), and have the force of a positive enactment: Coombe Garment Co. v. Morris, 52 Pa. Superior Ct. 624 (629) ; but, on the other hand, "they are like all other rules of practice, subject to the judicial discretion of the chancellor, as to their strict enforcement under circumstances productive of injustice or exceptional hardship," illustrations of judicial clemency in this regard appear in the two cases cited. The emphatic regard for these rules and their binding effect on all the courts, expressed by the Superior Court in Light and Power Co. v. John, 18 Pa. Superior Ct. 498, and Cooke v. Telegraph Co., 21 Pa. Superior Ct. 43, clearly indicate circumstances justifying deviation must be rare and made clearly to appear. For their violation in matters much like at bar, the Superior Court, reviewing the court below, dismissed the bill in the 21 Pa. Superior Ct. 43 case above cited; the same action was taken by Edwards, P. J., in L. & W. V. R. R. Co. v. Allen, 19 Lacka. Jurist, 206, holding that the plea of technicality of requirement was of no force contra; and in the same court, Maxey, J., in Kennedy v. Poor District, 23 Lacka. Jurist, 135, gave like deviations and omissions from equity rule requirements the same effect. Nor does it avail the plaintiff, as said in substance by Edwards, J., in 19 Lacka. Jurist, 206 (ante), that he has followed as precedents forms in other cases where no objections have been interposed, or not until too late.

We are of the opinion that if we sustain the bill at bar, we would be stretching judicial discretion to the breaking point, and justly incur the disapproval of the appellate court if resorted to. The cumulative infractions of equity rules, no effort at correction of which having been made, and there being no waiver or estoppel arising, either expressly or by conduct of the plaintiff, whose solicitor, on the contrary, has promptly attacked the bill, forces us to the conclusion that the same must be dismissed and the preliminary injunction dissolved.

Touching the objections interposed to the injunction affidavits, we concur in the reasoning of the opinion of Edwards P. J., to which we have referred, which is supported by the per curiam in the Supreme Court: Scranton Trust Co.'s Appeal, 4 Walker, 208; and we, therefore, further decide that the substantive allegations necessary to support the preliminary injunction heretofore granted by us at bar are not embodied in the two or more affidavits required to accompany the bill, and we add this as another reason for dissolving such injunction.

And now, July 27, 1922, for the reasons stated in the foregoing opinion, the bill for an injunction filed in this case is dismissed and the preliminary injunction granted July 18, 1922, is dissolved, all costs to be paid by the complainant, C. P. Matthews & Son, Inc., at whose request exceptions noted and bill sealed for the complainant.

From Gerritt E. Gardner, Montrose, Pa.